# IN RE: ESTATE OF PHILLIP ROBERT SANDERS
## Case No. 86-3841 CP
Fifteenth Judicial Circuit, Palm Beach County
December 28, 1988

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### ORDER DETERMINING HOMESTEAD NOT TO BE EXEMPT FROM CLAIMS OF CREDITORS

This cause came before the court upon the petition of the personal representative for a determination of whether certain real property described below is homestead property and exempt from the claims of creditors.

Counsel made their argument to the court, submitted memoranda of law in support of their respective positions and advised the court they were unable to discover controlling appellate precedent on the issue presented.

Phillip Robert Sanders died testate, leaving his home as his primary asset. He was survived by three adult children no longer residing with

him. In his last will and testament he left the real property in question to his mother. Various claims have been filed against the estate and the claimants seeks to reach the real property in question to satisfy their claims.

It is the creditors' position, since the decedent chose to ignore his heirs (three children) as defined by the intestacy statute (F.S. 732.103(1)), the property is subject to the claims of creditors and has lost its "homestead character" as being exempt from creditors.

The last will and testament of Phillip Roberts Sanders, dated December 19, 1975, is simplistic, in that, it directs the payment of all just debts, funeral and administrative expenses, and thereafter gives all property of whatsoever kind or nature and wheresoever situate, absolutely and in fee simple, to his mother, G. Louise Sanders. The will concludes by appointment of the personal representative to serve without bond.

The creditors' position is based upon the law set forth in the publication entitled: Basic Practice Under Florida Probate Code, 3d Edition, 1987, Sections 19.22 and 19.27, together with the case citations set forth therein.

The Supreme Court of Florida has recently held a decedent's homestead property is exempt from forced sale for the benefit of the decedent's creditors, even where the decedent was not survived by a dependent spouse or dependent children. See *Public Health Trust of Dade County v Lopez,* 531 So.2d 946 (Fla. 1988).

Article X, Section 4, of the Florida Constitution provides as follows:

"(a) There shall be exempt from forced sale under process of any court . . . the following property owned by a natural person:

(1) A homestead . . .

(2)(b) These exemptions shall inure to the surviving spouse or heirs of the owner.

(c) The homestead shall not be subject to devise if the owner is survived by a spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child . . ."

The term, "heirs" is defined by Section 731.201(18) of the Florida Statutes as:

"Means those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent."

Phillip Robert Sanders was not survived by a spouse and as a result his heirs are defined by Florida Statute 732.103

"Share of Other Heirs—The part of the intestate estate not passing to the surviving spouse under $732.102, or the entire intestate estate if there is no surviving spouse, descends as follows:

(1) To the lineal descendants of the decedent.

(2) If there is no lineal descendant, to the decedent's father and mother equally, or to the survivor of them."

By way of statutory definition, Phillip Robert Sander's mother is not his statutory heir.

The Supreme Court in *Public Health Trust of Dade County v Lopez* decision relied heavily upon the clear language of the constitutional and statutory provisions relating to the homestead exemption for the determination of "heirship." The Supreme Court preserved the exemption for any natural person, and that person's surviving spouse or heirs —and defined heirs as set forth in Section 731.201(18) of the Florida Statutes, 1985.

As the Supreme Court stated in *Lopez,* supra:

"The homestead protection has never been based upon principles of equity . . . but always has been extended to the homesteader and, after his or her death, to the heirs, whether the homestead was a 22-room mansion or a 2-room hut, and whether the heirs were rich or poor."

As Article X, Section 4, of the Constitution specifically provides for the devise of the homestead in limited factual situations and the Legislature has set forth clearly who is, and is not, an "heir" within the statutory scheme of the administration of estates which was unknown at common law, it is, based upon the foregoing,

ADJUDGED: The property described as:

Lot 10, Carleton Subdivision unrecorded Plat, Juno, Palm Beach County, Florida, otherwise known and described as: From the northeast corner of Section 5,Township 42 South, Range 43 East, run South 2 degrees 01' 47," west 722.41 feet on East said line of said section; thence north 99 degrees 44' 24," west 513 feet to the point of beginning; thence north 88 degrees 44' 24," west 159.93 feet to the easterly right-of-way line of the Intercoastal Waterway; thence south 2 degrees 13' 54" east of said easterly right-of-way line 75.13 feet; thence south 88 degrees 44' 24" east 153.95 feet; thence north 2 degrees 01' 46" east 75 feet to point of beginning,

is no longer protected by the homestead provisions of the Florida Constitution, exempting it from forced sale.

ORDERED December 28, 1988 at West Palm Beach, Palm Beach County, Florida.